FILED

2016 DEC -8 PM 12: 33

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAUL PALLES,

    Plaintiff,

v.

CASE NO.:

2:16-cv-869-FtM-99CM

SLIDER MAN, LLC, a Florida Limited
Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAUL PALLES ("PALLES" or "Plaintiff"), by and through his undersigned attorney, sues the Defendant, SLIDER MAN, LLC, a Florida Limited Liability Company ("SLIDER MAN" or "Defendant"), and states as follows:

### NATURE OF ACTION

1.    Plaintiff brings this action against the Defendant, his former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 – 219 ("FLSA").

### JURISDICTION

2.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 28 U.S.C. §1343.

3.    The Defendant SLIDER MAN is subject to the personal jurisdiction of the United States District Court because it engages in substantial and not isolated activity within this judicial district.

4. The Defendant SLIDER MAN is also subject to the personal jurisdiction of the United States District Court because it operates, conducts, engages in, and/or carries on business in the Middle District of Florida.

## FLSA COVERAGE

5. At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

6. At all times material, Defendant had gross sales volume of at least $500,000 annually.

7. At all times material hereto SLIDER MAN was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8. Defendant is an employer covered by the FLSA.

## VENUE

9. Venue is proper in the United States District Court for the Middle District of Florida based upon the following:

   a. The unlawful pay practices alleged herein occurred in Cape Coral, Florida, in the Middle District of Florida;

   b. At all times material hereto, Defendant continues to be a Florida Limited Liability Company doing business within this judicial district.

   c. Defendant employed Plaintiff in the Middle District of Florida.

## PARTIES

10. At all times material hereto, Plaintiff was and continues to be a resident of Lee County, Florida, in the Middle District of Florida.

11. SLIDER MAN was, and continues to be, a Florida company engaged in the transaction of business in Cape Coral, Lee County, Florida, with its principal place of business located in Cape Coral, Florida.

12. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA.

13. At all times material hereto, Defendant SLIDER MAN was and continues to be an "employer" within the meaning of the FLSA.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

14. Plaintiff realleges Paragraphs 1 through 13 as if fully stated herein.

15. Defendant hired Plaintiff in or about November of 2008.

16. At all times material hereto, Defendant SLIDER MAN is a commercial sliding glass door repair company.

17. Plaintiff's employment ceased on November 7, 2016.

18. While employed by the Defendant, Plaintiff worked in the position of repairman.

19. Since Plaintiff's date of hire with Defendant, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per

week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

20. Plaintiff was entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

21. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

22. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant.

23. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

24. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

25. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

26. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

a. Declaring that Defendant has violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in amounts according to proof;

c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

By: _____
Jason L. Gunter, Esq.
Florida Bar No. 0134694
Conor P. Foley, Esq.
Florida Bar No. 11197
JASON L. GUNTER, P.A.
1625 Hendry Street, Suite 103
Fort Myers, FL 33901
Tel: (239) 334-7017
Fax: (239) 239-8008

E-mail: jason@gunterfirm.com
Email: conor@gunterfirm.com
Counsel for Plaintiff Raul Palles